

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DANIEL PRICE,**

    Plaintiff,

v.      Civil Action Number: **3:07cv638**

**PIEDMONT REGIONAL JAIL,** *et al.,*

    Defendants.

### MEMORANDUM OPINION

Plaintiff, through counsel, filed this action pursuant to 42 U.S.C. § 1983 on October 17, 2007. Plaintiff seeks relief for injuries allegedly sustained during an assault on December 3, 2005, while he was incarcerated at the Piedmont Regional Jail ("the Jail"). Plaintiff's original complaint named the Jail and five unknown "John Does" as defendants. On November 30, 2007, Plaintiff filed an amended complaint as of right, naming Jail Superintendent Lewis Barlow and five unknown "John Doe" defendants. On April 10, 2008, Plaintiff filed a motion for leave to file a second amended complaint. On April 11, 2008, the Court granted his motion, and his second amended complaint deemed was filed that day.

The second amended complaint names as Defendants Christopher Williams, Clarence Whitehead, Jeffrey Whitaker, Melissa Hartless, and Towanda Williams (collectively "the Officers"), as well as Superintendent Barlow. Summons issued as to Defendants Whitehead and Whitaker on April 18, 2008, and they were served on April 21, 2008. On May 12, 2008, Defendants Whitehead and Whitaker filed a joint motion to dismiss. Defendant Barlow was served on June 11, 2008, and filed a motion to dismiss on July 30, 2008. Defendant Christopher Williams was served on July 12, 2008, but has not yet appeared in this action.

Plaintiff was granted extensions of time to serve Defendants on March 7, 2008, and on April 15, 2008. By Order entered on June 12, 2008, the Court granted Plaintiff a thirty-day extension to serve Defendants Louis Barlow, Christopher Williams, Melissa Hartless, and Towanda Williams, or to show good cause for his failure to do so. The Court warned Plaintiff that the unserved defendants would be dismissed unless Plaintiff complied with the Court's order. The thirty-day period has now elapsed and Plaintiff has not served Defendants Melissa Hartless or Towanda Williams, nor has he attempted to demonstrate good cause for his failure to do so. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE as to Defendants Melissa Hartless and Towanda Williams. *See* Fed. R. Civ. P. 4(m).

## I. MOTION TO DISMISS BY DEFENDANTS WHITEHEAD AND WHITAKER

Defendants Whitehead and Whitaker argue that Plaintiff's claims are barred by the applicable two-year statute of limitations. *See Harvey v. Horan*, 278 F.3d 370, 384 (4th Cir. 2002); Va. Code Ann. § 8.01-243(A) (West 2008). The parties agree that Plaintiff's cause of action accrued on December 3, 2005, *see Harvey*, 278 F.3d at 384, and that Plaintiff's claims are time-barred unless the allegations of his amended complaint relate back to his original complaint.

Federal Rule of Civil Procedure 15(c)(1)(C) imposes three requirements on amendments that change or name the party against whom a complaint is asserted. The amendment must arise out of the same transaction that formed the basis of the original claim. Additionally,

> . . . within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment [must have]:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

2

>   (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). The United States Court of Appeals for the Fourth Circuit has explained that these requirements are "a subtle and complex compromise of two competing policies." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 467 (4th Cir. 2007) (en banc). "[T]he Federal Rules favor simplicity in pleadings, *see* Fed. R. Civ. P. 8(a), and their liberal amendment, *see* Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 181(1962), as well as the administration of cases to secure their just determination, *see* Fed. R. Civ. P. 1." *Id.* Statutes of limitations, however, "are legislative determinations that give defendants predictable repose from claims after the passage of a specified time," and courts therefore should not lightly extend or ignore them. *Id.* at 467-68; *see also Robinson v. S.C. Dep't of Pub. Safety*, No. 2:05cv03198, 2008 WL 842461, at *9 (D.S.C. Mar. 28, 2008) (explaining that "statutes of limitations reflect an important value judgment of the legislature concerning the point at which the interests in favor of prosecuting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones"). Rule 15(c)(1)(C) thus allows amendments to relate back only when the policies of the statute of limitations are served – that is, when the new party had adequate notice of the suit *within the limitations period* and has not been prejudiced by the passage of time.[1] *Goodman*, 494 F.3d at 468; *see also Justus v. County of Buchanan*, 498 F. Supp. 2d 883, 886 (W.D. Va. 2007) (stating the relevant inquiry as "whether [defendant] would have reasonably relied on the statute of limitations for repose").

---

[1] The holding in *Goodman* forecloses Plaintiff's contention that Rule 15(c)(1)(C) does not require notice of the claim within any limitations period.

Defendants Whitaker and Whitehead argue that they were unaware that this suit had been filed until Plaintiff served them with the second amended complaint. Plaintiff contends that, because Counsel for Defendants Whitaker and Whitehead was also counsel for the Jail prior to its dismissal, and because an investigation was probably conducted into the alleged assault, Defendants' assertion is not credible. Plaintiff admits that he is not certain whether Defendants Whitaker and Whitehead were aware of this suit prior to being served; however, Plaintiff attributes this to unspecified obstructionist tactics by Defendants' counsel that have prevented him from engaging in discovery.[2] In response, Defendants Whitaker and Whitehead point out that the Jail was a party to this action for less than one month and filed only a motion to dismiss pursuant to Rule 12(b)(6), making an investigation unnecessary.

The fact that the Jail was named as a defendant, without more, would not suffice to place Defendants Whitaker and Whitehead on notice of the suit because they do not handle litigation against the Jail. *Compare Justus*, 498 F. Supp. 2d at 886 (holding that defendant sheriff had notice where he was served original complaint, complaint named "Sheriff's Office," for which he was responsible, and complaint specified that all defendants were sued in their individual capacities) *with Robinson*, 2008 WL 842461, at *6 (holding that defendant highway patrolman lacked notice and reason to know of mistake of identity where original complaint named only "South Carolina Department of Public Safety, Highway Patrol"). Moreover, the fact that Counsel for Defendants Whitaker and Whitehead previously represented the Jail is insufficient to put Defendants on notice of Plaintiff's claims. Counsel declares under penalty of perjury that she did not have any contact with either Whitehead or Whitaker until she was retained to represent

---

[2] Plaintiff has not filed any discovery-related motions, including a motion to compel.

Defendant Whitaker on April 29, 2008. (Defs.' Reply in Further Supp. of Mot. to Dismiss by Defs. Whitaker and Whitehead 4.) Her representation of the Jail therefore does not suffice to charge Defendants Whitaker and Whitehead with notice of this action within the limitations period. *See Garvin v. City of Philadelphia*, 354 F.3d 215, 224 (3d Cir. 2003) (applying rule that "a plaintiff must show that there was 'some communication or relationship' between the shared attorney and the John Doe defendant prior to the expiration of [the period provided by Rule 4(m)] in order to avail himself of the shared attorney method of imputing notice" for the purposes of Rule 15(c)(1)(C)(ii)) (citation omitted). Finally, Plaintiff's argument that Defendants Whitaker and Whitehead were given notice of the suit via a supposed investigation is neither supported nor persuasive. Accordingly, Defendants Whitehead and Whitaker's Motion to Dismiss the claims against them as time-barred will be GRANTED because the second amended complaint does not relate back to the original complaint under Rule 15(c)(1)(C)(ii).

## II. DEFENDANT BARLOW'S MOTION TO DISMISS

### A.  Official Capacity Claims

Defendant Barlow argues that the Eleventh Amendment[3] bars Plaintiff's claim for monetary damages in his official capacity. In his memorandum in opposition to Defendant's Motion, Plaintiff clarifies that he seeks damages from Defendant Barlow in his personal capacity. In his reply, Defendant Barlow accepts this characterization and argues that Plaitiff has failed to state a claim.

---

[3] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. Const. amend. XI.

The Eleventh Amendment bars suits for damages against Defendant in his official capacity. *See Ballenger v. Owens*, 352 F.3d 842, 844-45 (4th Cir. 2003). Defendant Barlow's motion to dismiss will be GRANTED with respect to Plaintiff's official capacity claims for damages.

B.  **Supervisory Liability**

Defendant Barlow moves to dismiss Plaintiff's personal capacity claims for damages on the ground that Plaintiff has failed to allege facts sufficient to state a claim. "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts have long cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. "While § 1983 complaints that recite bare legal conclusions that are wholly devoid of facts . . . may warrant dismissal,

6

conclusory legal assertions that are supported by the pleaded facts – even if the factual assertions are equally consistent with a contrary conclusion – should survive a Rule 12(b)(6) motion to dismiss." *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989) (internal citations and quotations omitted); *see also Bell Atl. Corp.*, 127 S. Ct. at 1965 (pleading requirement "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" supporting the claim).

Plaintiff does not allege that Defendant Barlow was personally involved in the assault on which this action is based. Instead, Plaintiff alleges that Defendant Barlow is liable in his personal capacity for the other Defendants' actions because he instituted customs, policies, or practices that led to the assault, or because he failed to ensure that the other Defendants received proper training. Title 42 of the United States Code, Section 1983 imposes liability only for those who *cause* a plaintiff to be subjected to a deprivation of his rights. A supervisory defendant therefore may not be held liable solely under a theory of *respondeat superior* in a § 1983 action. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 692 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). To hold a supervisory official personally liable for his subordinates' conduct, a § 1983 plaintiff must prove:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citing cases).

The second amended complaint reads, in relevant part:

> 13. The assault and battery of Mr. Price was a direct result of customs, policies and/or practices of Mr. Barlow that encouraged and condoned the use of excessive force and his failure to insure that the [sic] all of the officers at the Jail, including the Officers who are defendants in this case, received proper training and supervision necessary to avoid and minimize the need for the use of force.
> 14. Mr. Barlow's customs, policies, and/or practices, and his failure to properly train or supervise the Officers manifested a deliberate indifference to the right of citizens to be free from excessive force.
> 15. Upon information and belief, it is a common widespread custom and/or practice for the correctional officers of the Jail to use force on citizens, and to do so without sufficient regard for the severity of the situation and need of such force. Mr. Barlow had or should have had knowledge of this custom and/or practice, yet failed to take any corrective action . . . .
> 16. Upon information and belief, Mr. Barlow had a policy, custom, and/or practice of failing to provide adequate training to its correctional officers on the use of force. . . .

(Pl.'s Second Am. Compl. 3-4.) Plaintiff has thus alleged the elements of knowledge, deliberate indifference, and causation. While Plaintiff does not articulate "exactly what training policies were in place and how they were adopted," a plaintiff should not be expected to do so before having an opportunity to engage in discovery. *Carter v. City of Philadelphia*, 181 F.3d 339, 357-58 (3d Cir. 1999); *see also Corbin v. Woolums*, No. 3:08cv00173, 2008 WL 2149911, at *5 (E.D. Va. May 20, 2008) (denying motion to dismiss where plaintiff's allegations were at similar level of specificity). Defendant Barlow's motion to dismiss will be DENIED.

8

## C. State Law Claims

Plaintiff concedes that Defendant Barlow is not vicariously liable for any state law torts committed by the other defendants. (Pl.'s Mem. in Opp'n to Mot. to Dismiss by Def. Barlow 4.) Those claims will therefore be DISMISSED as they relate to Defendant Barlow.

## D. Qualified Immunity

Finally, Defendant Barlow argues that he is entitled to qualified immunity from damages in his individual capacity. There is a two-pronged analysis to determine if a particular official enjoys qualified immunity. First, one must ask whether the facts, viewed in the light most favorable to the plaintiff, demonstrate a constitutional violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If this question is answered in the affirmative, one must then "determine whether the contours of the right were clearly established such that 'a reasonable official would understand that what he [was] doing violated that right.'" *Pike v. Osborne*, 301 F.3d 182, 185 (4th Cir. 2002) (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "For a constitutional right to be clearly established in a given case, the right's contours must be so clear that every objectively reasonable official must understand that what the defendant, in the context of the circumstances of the case, is doing clearly violates the right." *Snider v. Jefferson State Cmty. Coll.*, 344 F.3d 1325, 1328 (11th Cir. 2003) (*citing Vinyard v. Wilson*, 311 F.3d 1340, 1353 (11th Cir. 2002)). While the plaintiff must show that a constitutional violation has occurred, the defendant bears the burden at the second step of showing that his conduct was objectively reasonable. *Henry v. Purnell*, 501 F.3d 374, 378 (4th Cir. 2007) (citations omitted).

Plaintiff was arrested and incarcerated for allegedly being drunk in a public place. As a pretrial detainee, Plaintiff's claims arise under the Due Process Clause of the Fourteenth

9

Amendment.[4] *Orem v. Rephann*, 523 F.3d 442, 445-46 (4th Cir. 2008) (*quoting Young v. Prince George's County, Md.*, 355 F.3d 751, 758 (4th Cir. 2004)). Plaintiff must show that the Officers "'inflicted unnecessary and wanton pain and suffering." *Taylor v. McDuffie*, 155 F.3d 479, 483 (4th Cir. 1998) (*citing Whitley v. Alber*, 475 U.S. 312, 320 (1986)). "In determining whether this constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, and whether the force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm." *Orem*, 523 F.3d at 446 (*citing Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).

Plaintiff alleges that, while he was incarcerated, the Officers struck him in the face several times and threw him against the wall, "where his head struck the wall with such force that he lost consciousness." (Second Am. Compl. ¶ 21.) Plaintiff was taken to the Farmville Hospital Emergency Room, where staff soon sent him to the Hospital at the Medical College of Virginia ("MCV Hospital") in Richmond. At MCV Hospital, he was diagnosed with severe head injuries, including a skull fracture, hemorrhaging, and memory and hearing loss. Plaintiff further alleges that he did nothing to provoke the assault. These allegations are sufficient to establish an unequivocal violation of his clearly established right to be free from the use of excessive force. Moreover, as explained above, Plaintiff has adequately alleged an affirmative causal link between Defendant Barlow's deliberate indifference with regard to the Officers' training and the

---

[4] "No state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

injuries Plaintiff suffered. Defendant Barlow's motion to dismiss on the grounds of qualified immunity will therefore be DENIED.

### III. CONCLUSION

For the reasons explained above, the motion to dismiss by Defendants Whitehead and Whitaker (Docket No. 29) will be GRANTED. Additionally, Defendant Barlow's motion to dismiss (Docket No. 43) will be GRANTED in part and DENIED in part.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Richard L. Williams
United States District Judge

Date: OCT 2 0 2008
Richmond, Virginia